UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1885-JGB (KK) | Date | April 10, 2015 |
|---|---|---|---|
| Title | ARTHUR BOYCE V. UNITED STATES OF AMERICA, et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Defendant Tereser Banks Should Not Be Dismissed From This Action Without Prejudice

On January 15, 2014, Plaintiff Arthur Boyce, proceeding *in forma pauperis* and *pro se*, filed a First Amended Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). (ECF Docket No. ("Dkt.") 7). The First Amended Complaint asserts Fifth and Eighth Amendment claims against three defendants: (1) Tereser Banks, the Warden of the Federal Correctional Institution at Victorville, California ("FCI Victorville"); (2) Salvador Villalon, M.D., a doctor at FCI Victorville; and (3) the United States of America ("U.S.A."). (*Id.*).

On April 2, 2014, the Court ordered that the U.S. Marshal serve the First Amended Complaint and a 60-day summons on all of the defendants, at addresses designated by the Plaintiff. (Dkt. 10). In regard to defendants Banks and Villalon, Plaintiff designated that these papers be served on the defendants at FCI Victorville. (*Id.*).

On July 28, 2014, the U.S. Marshal notified the Court it had served the First Amended Complaint and summons on defendants Villalon and U.S.A. (Dkts. 16, 18). On September 11, 2014, both defendants, filed an Answer to the First Amended Complaint, naming the U.S. Attorney as counsel. (Dkt. 22).

On February 23, 2015, the U.S. Marshal filed a "Process Receipt and Return" form with the Court, claiming defendant Banks had been notified of the pending action. (Dkt. 25). The U.S. Marshal noted "review of court docket shows defendant/counsel has been communicating directly with the court." (*Id.*). In other words, the U.S. Marshal appeared to believe defendant Banks had been notified of the pending action because of defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1885-JGB (KK) | Date | April 10, 2015 |
|---|---|---|---|
| Title | ARTHUR BOYCE V. UNITED STATES OF AMERICA, et al. | | |

Villalon and U.S.A.'s filings with the Court.

On March 2, 2015, the U.S. Attorney, acting as counsel for defendants Villalon and U.S.A., filed a notice stating defendant Banks no longer works at FCI Victorville and inferring that defendant Banks has not yet been properly served. (Dkt. 27). The notice also stated the U.S. Attorney was not authorized to represent defendant Banks and that all of the U.S. Attorney's prior filings with the Court had been solely on behalf of defendants Villalon and U.S.A. (*Id.*).

From defendant Villalon and U.S.A.'s March 2, 2015 filing, it appears defendant Banks has not yet been properly served. Furthermore, defendant Banks does not seem to reside at FCI Victorville, at the address Plaintiff designated for service purposes. Because Plaintiff has not designated any other address at which defendant Banks can be served, Plaintiff cannot proceed with his claims against defendant Banks. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided U.S. Marshal with sufficient information to effectuate service).

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why his claims against defendant Banks should not be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). In his response, Plaintiff must provide the Court with an address at which defendant Banks may be served. Alternatively, if Plaintiff does not know of such an address, Plaintiff may voluntarily dismiss his claims against defendant Banks, by filing a Notice of Dismissal, in accordance with Federal Rule of Civil Procedure 41(a)(1). The Clerk of Court is directed to attach a form Notice of Dismissal to this Order for Plaintiff's convenience.

Plaintiff shall have up to and including **April 24, 2015** to respond to this Order. Plaintiff is cautioned that his failure to timely file a response to this Order will be deemed by the Court as consent to the dismissal of his claims against defendant Banks, without prejudice.